IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

AVION TRAMAINE LAWSON,

      Plaintiff,

v.                                    CASE NO. 5:15-cv-112-RV-GRJ

D. LEAVINS, et al.,

      Defendants.

_____/

## <u>REPORT AND RECOMMENDATION</u>

On July 1, 2015, the Court ordered that Plaintiff's First Amended Complaint be stricken because the First Amended Complaint was identical to the original Complaint and suffered from the same defects of misjoinder of claims and defendants.  Doc. 9. The Court explained that it is not the Court's obligation to sift through Plaintiff's pleading and determine which claims Plaintiff intends to pursue, and that his complaints violated Federal Rule of Civil Procedure 20(a)(2) governing misjoinder of claims and defendants.  *Id.*  The Court ordered Plaintiff to file a Second Amended Complaint "that *clearly* identifies only his primary or 'lodestar' claim that he will pursue in this case. Plaintiff must name only the defendants that are factually connected to his lodestar claim, and Plaintiff must state facts clearly showing how each defendant is liable to him because of his lodestar claim."  *Id.*  Plaintiff was ordered to complete a new civil rights complaint form, and he was warned that the failure to comply with the Court's order would result in a recommendation that this case be dismissed.  *Id.*

Plaintiff has now filed a "First Amended Complaint" that is the same complaint that was stricken by the Court, except that Plaintiff has drawn lines and "X" marks

through some defendants and paragraphs on the complaint in an apparent attempt to remove certain claims.  Plaintiff has filed a motion to strike and dismiss certain claims, based on such delineations.  Docs. 12, 13.  This motion has been denied by separate order.

Plaintiff has wholly failed to comply with the Court's order to file a Second Amended Complaint by filling out a new civil rights complaint form that clearly sets forth his claims and defendants in compliance with Rule 20.  *See* Doc. 9.  The Court's orders have been clear and specific in this regard.  Plaintiff has been afforded ample opportunity to amend his Complaint, and his willful refusal to comply with the Court's orders to amend merits dismissal of this case.  Such dismissal should be without prejudice to Plaintiff's right to file a new complaint that complies with the Federal Rules.

In light of the foregoing, it is respectfully **RECOMMENDED** that this case should be  **DISMISSED WITHOUT PREJUDICE** for failure to comply with an order of the court and failure to prosecute.

**IN CHAMBERS** this 16th day of July 2015.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.